IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMEKA WRIGHT, on behalf of her minor son, )<br>NICOLAS WRIGHT, )<br>                     Plaintiff, )<br>)<br>               vs. )<br>)<br>CITY OF CHICAGO, )<br>a municipal corporation, )<br>SALVADOR MONDRAGON, Star 15072, )<br>Chicago Police Officer, )<br>in his individual capacity, )<br>)<br>                   Defendants. ) | No. 08 C 4004<br><br>JUDGE LEINENWEBER<br><br>MAGISTRATE JUDGE COLE |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, by and through his attorneys, DVORAK, TOPPEL & BARRIDO, LLC., and complaining of Defendants City of Chicago and Salvador Mondragon (Star 15072) states as follows:

Jurisdiction/Venue

1. This incident occurred on July 19, 2007, in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff Nicolas Wright was a

resident of Hazel Crest, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendant Officer Salvador Mondragon, who was acting under color of law and in the course and scope of his employment with the City of Chicago as a police officer.

Facts

5. On or about July 19, 2007, Plaintiff was in the vicinity of the intersection of Peoria and 59th Street, Chicago, Illinois, County of Cook.

6. Then and there, Defendant Officer Mondragon willfully caused bodily harm to the Plaintiff without any legal justification.

7. Furthermore, Defendant Officer Mondragon placed Plaintiff in a Chicago Police squad car, drove away from the area of Peoria and 59th and threatened Plaintiff with incarceration and additional physical violence.

8. Defendant Officer Mondragon did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

9. As the proximate result of all the aforementioned actions by Defendant Officer Mondragon, the Plaintiff suffered bodily injury, loss of freedom, psychological damage, pain and suffering and medical expenses.

### COUNT I – 42 U.S.C. § 1983 Excessive Force
(Plaintiff v Defendant Officer Mondragon)

10. Plaintiff re-alleges paragraphs 1-9 and incorporates them herein as though stated in full.

11. The actions of Defendant Officer Mondragon in physically abusing and otherwise

using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

12. As the proximate result of all of the aforementioned actions by Defendant Officer Mondragon, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendant Officer Mondragon, and because he acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and any other additional relief this Court deems equitable and just.

### **COUNT II – Illinois State Law Claim of Battery (respondeat superior)**
(Plaintiff v. Defendant City of Chicago)

13. Plaintiff re-alleges paragraphs 1-9 and incorporates them herein as though stated in full.

14. One or more police officers with the Defendant City of Chicago, physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without legal justification.

15. The actions of these City of Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

16. The officers and/or Defendant Officer Mondragon were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus

the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any other additional relief this Court deems equitable and just.

### COUNT III – Illinois State Law Claim of False Imprisonment
(Plaintiff v. Defendant City of Chicago)

17. Plaintiff re-alleges paragraphs 1-9 and incorporates them herein as though stated in full.

18. One or more police officers with the City of Chicago placed Plaintiff in the back of a locked Chicago Police Department squad car and drove away from the original locale, thus restricting Plaintiff's freedom of movement, and this was done without legal justification.

19. The actions of these Officers were the direct and proximate cause of the Plaintiff's loss of freedom, as described more fully above.

20. The officers and/or Defendant Officer Mondragon were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus the costs of this action, plus any other additional relief this Court deems equitable and just.

### COUNT IV – Indemnification
(Plaintiff v. City of Chicago)

4

21. Plaintiff re-alleges paragraphs 1-9 and incorporates them herein as though stated in full.

22. Defendant City of Chicago is the indemnifying entity for the actions, described above, of Defendant Officer Mondragon, who took these actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Defendant Officer Mondragon be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ Brian J. Barrido_____

Brian J. Barrido,
One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido, LLC
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 - phone
(773) 521-4400 - fax
brian.barrido@civilrightsdefenders.com

ARDC No. 6274524